**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CLINTON W. DELESPINE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-2721 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, Clinton W. Delespine, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition must be dismissed because it is successive, leaving this court without jurisdiction.

Delespine challenges a state court conviction for murder with malice aforethought. (Cause Number 104259, in the 174th Judicial District Court of Harris County, Texas.) Delespine filed a federal petition for a writ of habeas corpus, Civil Action Number H-67-444, challenging this conviction. On November 27, 1968, the court denied Delespine's habeas claims on the merits. *Delespine v. Beto*, 297 F. Supp. 961 (S.D. Tex. 1968). On November 12, 1969, the United States Court of Appeals for the Fifth Circuit affirmed that judgment. Court records and a national litigation index reveal that Delespine has filed at least twelve subsequent federal petitions. (Civil Action Numbers 4:05-1225, 4:04-4550, 4:04-3846, 4:04-2960, 4:04-1864, 4:03-3624, 4:02-0634, 4:01-2348, 4:99-4432, 4:98-3579, 4:87-3910, 4:79-1033).

Delespine filed this petition on August 4, 2005.  He challenges the same conviction for murder with malice aforethought on the grounds that (1) he was improperly arrested; the search and seizure was legal; (3) the confession was coerced; and (4) he has discharged his sentence.  (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-8).

A district court can raise on its own whether a habeas corpus petition is "successive" may be raised.  *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997).  A "successive" application requires the Court of Appeals to authorize a district court to consider the application before it is filed in the district court.  Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  There is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Delespine's successive application.  This court lacks jurisdiction to consider his habeas claims.

Delespine's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction.  All remaining pending motions are denied as moot.  A Certificate of Appealability will not issue because the record reveals no basis for finding a substantial showing of the denial of a constitutional right.  *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or

that the issues deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA requires a showing that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Delespine has not made the necessary showing. No certificate of appealability will issue.

       SIGNED on August 10, 2005, at Houston, Texas.

                           Lee H. Rosenthal
                   United States District Judge